RECEIVED
APR 1 3 2016
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA
BY: _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| MELVIN THORNTON | CIVIL ACTION NO: 08-0102 |
| VERSUS | JUDGE DONALD E. WALTER |
| BURL CAIN, WARDEN | MAGISTRATE JUDGE HAYES |

### ORDER

Before the court is a motion for relief pursuant to Fed. R. Civ. P. Rule 60(b) filed by the petitioner Melvin Thornton ("petitioner"). [Doc. #84]. Petitioner claims that this court should re-open his habeas case in light of the Supreme Court's decision in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), and later cases interpreting it. *Id.* Petitioner filed a similar motion three years ago. [Doc. #69]. The court denied that motion, [Doc. #74], and the Fifth Circuit declined to grant a certificate of appealability. [Doc. #81].

In *Martinez*, the Supreme Court carved out a narrow exception to the general rule, under *Coleman v. Thompson*, 501 U.S. 722, 753–54 (1991), that an attorney's errors in a state collateral proceeding do not qualify as "cause" for excusing a procedural default of claims of ineffective assistance at trial. The *Martinez* Court held that when a state requires ineffective-assistance claims to be brought in a collateral proceeding, as opposed to direct appeal, then an attorney's errors or the absence of an attorney in the collateral proceeding may demonstrate "cause" such that a federal court may reach the merits of the claim on habeas review even though a state court dismissed the claim on procedural grounds. 132 S. Ct. at 1315–21. One year later, the Court extended *Martinez* to situations in which a state, in theory, allows ineffective-assistance claims to

be brought in direct appeal proceedings, but the state's "procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity" to present an ineffective assistance claim on direct appeal. *Trevino v. Thaler*, 133 S. Ct. 1911, 1921 (2013).

In denying petitioner's first 60(b) motion, this court relied on the Fifth Circuit's holding in *In re Sepulvado*, 707 F.3d 550, 556 (5th Cir. 2013), that *Martinez* does not apply to Louisiana prisoners. [Doc. #74]. Petitioner now argues that *Sepulvado* did not survive *Trevino*, because Louisiana's postconviction procedural framework is comparable to that of Texas, the state whose procedures were at issue in *Trevino*. [Doc. #84, pp. 6–13]. He therefore urges this court to vacate its previous judgment under Rule 60(b) and allow his claims to ineffective-assistance claims to proceed because his postconviction relief efforts were undertaken without counsel.[1] *Id.*

It is unnecessary to decide whether *Sepulvado* survived *Trevino*, or whether Louisiana's postconviction procedures make *Martinez* applicable on federal habeas review. In this case, petitioner's claims were dismissed on their merits, not under a state procedural rule. [R. at 478–79, 537–38; Doc. # 80-1, pp. 143–44, 202–03]. Although the state postconviction court "procedurally denied" certain claims, it is readily apparent that the court's ruling was based on

---

[1] Additionally, for reasons that are not entirely clear, petitioner also purports to base his motion on the Fifth Circuit's decision last year in *Tabler v. Stephens*, 591 F. App'x 281 (5th Cir. 2015) (Mem.). In *Tabler* the Fifth Circuit held that *Martinez* applied in a capital case where petitioner's federal habeas counsel, who also represented the petitioner during state collateral proceedings, labored under a conflict of interest that prevented initial review of an ineffective assistance claim from ever taking place. The *Tabler* decision was based on the Supreme Court's decision in *Christeson v. Roper*, 135 S. Ct. 891 (2015). In *Christeson*, the Court held that a death row prisoner's right to conflict-free counsel under 18 U.S.C. § 3599 was violated when his federal habeas counsel, who failed to file a habeas petition within the one-year statute of limitations, were precluded from arguing that their own mistakes should have allowed equitable tolling. 135 S. Ct. at 893–96. Petitioner is not a death-row defendant, has no right to counsel under 18 U.S.C. § 3599, and had no counsel laboring under a conflict of interest. Accordingly, *Tabler* and *Christeson* are of no moment.

petitioner's failure to allege meritorious claims of ineffective assistance. [R. at 478–79; Doc. #80-1, pp. 143–44 (citing LA. CODE CRIM. PROC. ANN. art. 927(directing postconviction courts to only order an answer to claims that, if established as alleged, would entitle to petitioner to relief)]. In other words, the court ruled that petitioner failed to adequately allege deficient performance of counsel and prejudice resulting from counsel's errors. As such, the postonviction court's denial was not based on an "independent and adequate" state procedural rule. *Cf. Coleman* 501 U.S. at 750.

In any event, when the state answered petitioner's claims on federal habeas review, the state did not argue that petitioner's ineffective-assistance claims were procedurally barred, but rather that such claims were vague and unsupported. [Doc. #29-1]. Likewise, the Magistrate Judge based her denial of the ineffective-assistance claims based on lack of evidence, not a procedural default. [Doc. #52, p. 16]. As such, because these claims were dismissed on the merits, the *Martinez* case provides no basis for reviving those claims under Rule 60(b). *See Sepulvado*, 707 F.3d at 556 ("[*Martinez*] does not confer a constitutional right to effective assistance of post-conviction counsel, nor does it apply to any . . . claims that are not procedurally defaulted.")

Accordingly, **IT IS ORDERED** that petitioner's Rule 60(b) motion [Doc. #84] be and is hereby **DENIED**. Petitioner's concurrently filed Motion for Appointment of Counsel, [Doc. #85], and Motion for Show Cause Hearing, [Doc. #86], are likewise **DENIED**.

**THUS DONE AND SIGNED**, in chambers, this 12 day of April, 2016

*/s/ Donald E. Walter*
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE